Civil Court Case No. 1:23-cv-03467

# United States Court of Appeals
# For the
# District of Columbia Circuit

---

**U.S.C.A. Case No. 24-7134**

---

**United States of America** *ex rel* **Dañilo Augusto Feliciano** also known as
**DANIL EZEKIEL FAUST**
**Plaintiff-Appellant**

**v**

**ROBERT KYLE ARDOIN** *in his official capacity as Louisiana Secretary of State,* and **DOMINION VOTING SYSTEMS CORPORATION**, **DOMINION VOTING SYSTEMS INC.**, and **DOMINION VOTING SYSTEMS INTERNATIONAL CORPORATION**
**Defendant-Appellees**

---

## PLAINTIFF-APELLANT'S BRIEF

On Appeal from the United States District Court for the District of Columbia


Dañilo Augusto Feliciano
1313 New York Ave NW
Basement
Washington, DC 20005
daniloafeliciano@gmail.com
202-505-1841
*In propria persona*



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

NOV 04 2024

RECEIVED

## TABLE OF CONTENTS


1. Table of Contents ........................................................ 2
2. Table of Authorities........................................................ 3
3. Jurisdictional Statement........................................................ 5
4. Standard of Appellate Review........................................................ 5
5. Statement of the Issues on Appeal........................................................ 5, 6
6. Statement of the Case........................................................ 6
7. Summary of the Argument........................................................ 8
8. Argument........................................................ 9
    a. Four Elements Are Required For Jurisdiction ............. 9
    b. And Means And........................................................ 12
    c. A Right to Pursue Justice........................................................ 13
9. Conclusion........................................................ 16

Certificate of Compliance........................................................ 17

Disclosure Statement........................................................ 17

Certificate of Service........................................................ 18

## TABLE OF AUTHORITIES

**Cases** **Page**


*Faust v. State of Louisiana and Ardoin, Robert*
23-10010-ELG (D.D.C. 2023)........................................... 11

*Feliciano v. Garland*
1:23-cv-02522-UNA (D.D.C. 2023*)*................................. 11

*Freeman v. Allstate Life Ins. Co.*,
253 F.3d 533, 536 (9th Cir. 2001).................................... 5

*Husain v. Olympic Airways*
316 F.3d 829, 835 (9th Cir. 2002).................................... 5

*Jean-Baptiste v. United States Dep't of Justice*,
1:23-cv-02669 (TNM) (D.D.C. Feb. 9, 2024)......................... 13

*Koirala v. Thai Airways Int'l, Ltd.*,
126 F.3d 1205, 1210 (9th Cir. 1997)................................. 5

*Newman v. Piggie Park Enterprises, Inc.*,
390 U.S. 400 (1968)...................................................... 14

*Pulsifer v. United States*,
No. 22-340, 10 (U.S. Mar. 15, 2024)................................... 8

*Qihui Huang v. Wheeler*,
*215 F. Supp. 3d 100 (D.D.C. 2016)*.................................... 13

*Wesberry v. Sanders*,
376 U.S. 1, 17-18 (1964) ............................................... 5


**Public Law**


Informer's Act 12 Stat. 696......................................... 5-6, 13-14

Help America Vote Act (Pub. L. 107–25, 116 Stat. 1666) ............. 6, 15

1960 Civil Rights Act (Pub. L. 86–449, 74 Stat. 89).................... 7

Civil Rights Act of 1964, § 204(a), (78 Stat. 244)…………………… …. 14

**Statutes**

28 U.S.C. § 1291 – Appeals ……………………………………………….. 5

31 U.S.C. § 3730 – Civil Actions for False Claims……………………….. 6-12

52 U.S.C. § 20701 - Retention and preservation of records and papers by officers of elections; deposit with custodian; penalty for violation .. 7, 14-15

52 U.S.C. § 21081 – Voting systems standards ………………………….. 6

**Rules**

Fed. R. App. P. Rule 4 – Appeal as of Right – When Taken……………….. 5

**Law**

Magna Carta, 1215…………………………………………………. 12

## JURISDICTIONAL STATEMENT

This court has jurisdiction over this appeal pursuant to 28 U.S.C. §1291 as it is an appeal of an order dated 29 July 2024. The appeal was made within 37 days of the United States District Court for the District of Columbia Circuit's order and as the United States of America is a party to the action. By Rule 4 (a)(B)(i) and (a)(B)(ii) of the Federal Rules of Appellate Procedure, the time for appeal is 60 days.

## STANDARD OF APPELLATE REVIEW

"The district court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo." *Freeman v. Allstate Life Ins. Co.*, 253 F.3d 533, 536 (9th Cir. 2001) "However, if the application of the law to the facts requires an inquiry that is "essentially factual," review is for clear error. *Koirala v. Thai Airways Int'l, Ltd.*, 126 F.3d 1205, 1210 (9th Cir. 1997)" *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002)

## STATEMENT OF THE ISSUES ON APPEAL

1. Does the District Court have the jurisdiction to dismiss an action filed under the Informer's Act (also known as the False Claims Act of 1863) 12 Stat. 696 (31 U.S.C. § 3729 - § 3733) without a written explanation from both the court and the Attorney General?
2. Does the *Notice of Declination and Suggestion of Dismissal* submitted by the United States Attorney's Office satisfy the requirements of 31 U.S.C. §

3730 (b) as a written explanation and consent for both the court and the Attorney General?

3. Does a relator have the right to pursue an action using criminal statutes under the Informer's Act (also known as the False Claims Act of 1863) 12 Stat. 696 (31 U.S.C. § 3729 - § 3733), if the relator has a personal interest in the action before the court?

## STATEMENT OF THE CASE

> "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined. Our Constitution leaves no room for classification of people in a way that unnecessarily abridges this right." *Wesberry v. Sanders*, 376 U.S. 1, 17-18 (1964)

On 17 November 2023, on behalf of the United States of America, Dañilo Augusto Feliciano (hereinafter the "relator" or "advocate") filed a false claim action under seal (hereinafter, the "action") stating that on three separate instances, the Secretary of the State of Louisiana made claims to receive funds from the United States for use in the administration of their elections and that these funds would not be used in a manner contrary to Title III of the Help America Vote Act, Title III, Section 301 (a)(2)(B)(i), codified as 52 U.S.C. § 21081 (a)(2)(B)(i) (hereinafter, "HAVA"). However, the State of Louisiana does not produce the permanent paper record (hereinafter, the "*chose in action*" or the "*chose*") as required by HAVA, nor Louisiana does not keep this record in accordance with the

1960 Civil Rights Act, Title III Section 301, codified as 52 U.S.C. § 20701 (hereinafter, "1960 CRA"). A fact admitted to by the former Louisiana Secretary of State[1]. As such, the statements made and submitted for payment to the United State are definitively false.

On 12 February 2024, the advocate filed an initial *Motion to Unseal Case* and *Memorandum of Points and Authorities* to the district court. On 27 February, 102 days after the action was initially filed, the Department of Justice (hereinafter, the "DOJ") reached out by e-mail to schedule a conference call. On 7 March 2024, the DOJ held a conference call to discuss the action with the advocate and the United States Attorney's Office (hereinafter, the "USAO"). This is 111 days after the action was submitted to the court. The DOJ and the USAO verbally requested an extension of the time for which the action was under seal. The advocate initially agreed to consider the extension, but later declined in writing.

On 3 July 2024, 229 days after the action was submitted and an additional 118 days after the conference call, the United States Attorney's Office submitted a *Notice of Declination and Suggestion of Dismissal* (hereinafter, the "suggestion") to the court. This is contradiction to the requirement of 31 U.S.C. § 3730 (b)(2)(4)(A) and 31 U.S.C. § 3730 (b)(2)(4)(B), which states the DOJ must

[1] Center Square, Biz New Orleans, "La. Secretary of State Says Election Secure Without Paper Ballots", https://bizneworleans.com/la-secretary-of-state-says-election-secure-without-paper-ballots/, Accessed 2 November 2024

respond within 60 days.[2] The suggestion stated that the decision had been made not to intervene in the advocate's action and, while not requesting a dismissal, USAO provided reasons why the court should dismiss the case. Specifically, the USAO proposed that the advocate could not pursue the action without licensed counsel and that criminal statutes were not permitted to be pursued by a private person.

On 29 July 2024, the court issued an order dismissing the case without comment or an accompanying memorandum of opinion. On 23 August 2024, the advocate submitted a *Motion to Reconsider* to the court. On 4 September 2024, while the *Motion to Reconsider* was still pending, the advocate filed a *Notice of Appeal* of the 29 July 2024 order. On 16 September 2024, the court made a minute order denying the *Motion to Reconsider.* On 17 September 2024, the court docketed the appeal and forwarded the record to the United States Court of Appeals for the District of Columbia Circuit.

## SUMMARY OF THE ARGUMENT

"The word "and," each might say, means . . . well, and." *Pulsifer v. United States*, No. 22-340, 10 (U.S. Mar. 15, 2024). 31 U.S.C. § 3730(b)(1) states that an "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." This indicates that for

[2] The advocate is aware that a motion for sanctions could have been filed after 60 days. At this time, the advocate formally declines that right.

the court to have the jurisdiction to dismiss the action, four separate elements must be satisfied. These elements are (1) the consent of the court for the dismissal, (2) the court's reasons for consenting to the dismissal, (3) the Attorney General's written consent to dismiss the action, and (4) the Attorney General's reasons for consenting to the dismissal. The *Notice of Declination and Suggestion of Dismissal* and the subsequent order to dismiss do not satisfy all four separate requirements, merely three. Without satisfaction of all elements, the court lacks jurisdiction to dismiss the action. In addition, 31 U.S.C. § 3730(b)(2)(A) states that the government may dismiss the action if "court has provided the person with an opportunity for a hearing on the motion." There has been no hearing or opportunity provided for a hearing. Nor is it settled case law that a relator cannot bring criminal statutes against defendants using the Informer's Act.

## ARGUMENT

### I. FOUR ELEMENTS ARE REQUIRED FOR JURISDICTION

The text of 31 U.S.C. § 3730 (b)(1) is clear; an "***action may be dismissed only*** if the court and the Attorney General give ***written consent to the dismissal*** and ***their reasons for consenting***." (Emphasis added) These elements are (1) the consent of the court for the dismissal, (2) the court's reasons for consenting to the dismissal, (3) the Attorney General's written consent to dismiss the action, and (4)

the Attorney General's reasons for consenting to the dismissal. Without all four elements satisfied, the court lacks the jurisdiction to dismiss the action.

Element one, the consent of the court, is satisfied by the 29 July 2024 order dismissing the action. Elements three and four, the Attorney General's consent and reasons for consenting to the dismissal, ***might*** be inferred as satisfied by the suggestion of the USAO. The second element required for the authority to dismiss the action, the written reasons that the court has to consented to the dismissal, **does not exist**. While the court might agree with everything that the USAO suggests, the statute is clear, the court must still provide a written explanation why it consents to dismiss the action. Nowhere does 31 U.S.C. § 3730 give an exception for an inference. Without this written explanation of the court's reasoning, the court does not have jurisdiction.

31 U.S.C. § 3730 provides other situations where the court lacks jurisdiction. 31 U.S.C. § 3730 (e)(1) states that "[n]o court shall have jurisdiction over an action" if a case is brought by a member of the armed services against another member of the armed services arising from the person's service in the armed forces. 31 U.S.C. § 3730 (e)(2)(A) states "[n]o court shall have jurisdiction over an action" if the action is against a member of congress, the judiciary, or a senior executive branch official "is based on evidence or information known to the Government when the

action was brought." This appeal considers another instance where court lacks the jurisdiction to dismiss the action.

While this action is not against the Attorney General, the appeal arises from the suggestion of the USAO, who ***appears*** to be acting on behalf of the Attorney General. The action is based on information known to the government when the false claims action was brought, as the relator pursued a *Petition for a Writ in the Nature of a Mandamus* against the Attorney General entitled *Feliciano v. Garland (*D.D.C. 1:23-cv-02522-UNA*)* (Court of Appeals #: 23-5245) (SCOTUS #: 23-7118) for the substantially the same issue. This issue was also litigated in *Faust v. State of Louisiana and Ardoin, Robert* (D.D.C. 23-10010-ELG). The DOJ **is fully aware** of the situation.

This is a case of both national and public importance, involving the right to vote and ensure that ***every legally cast vote is fairly counted***. In addition, 31 U.S.C. § 3730(b)(2)(A) states that the government may dismiss the action "court has provided the person with an opportunity for a hearing on the motion." There has been no hearing. If the Department of Justice decides to turn a blind eye to the situation in Louisiana, all elements required for jurisdiction to dismiss the action

should be satisfied. "To no one will we sell, to no one deny or delay right or justice."[3]

## II. AND MEANS AND

Again, 31 U.S.C. § 3730 (b)(1) states that an "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." The word "and" is used in two separate places. The first is "the court and the Attorney General". The second instance is "written consent to the dismissal and their reasons for consenting." This creates four specific and independent elements: (1) the consent of the court, (2) the court's reasons for consenting to the dismissal, (3) the Attorney General's written consent to dismiss the action, and (4) the Attorney General's reasons for consenting to the dismissal. A required element, the court's reasons for consenting, **does not exist**.

In a twist of recursive logic, it is the decision of the USAO not to intervene in the action that creates the basis that the USAO gives suggesting the dismissal. The advocate brought the claim properly before the court and the Department of Justice. (The suggestion by the USAO does not indicate at any point that it is on behalf of the Attorney General.) The USAO then decided not to intervene and

---

[3] United Kingdom National Archives, "Magna Carta 1215", https://www.nationalarchives.gov.uk/education/resources/magna-carta/british-library-magna-carta-1215-runnymede/, accessed 2 November 2024

because the advocate is not a licensed attorney, argues the advocate is unable to pursue the action. The reasons provided entirely avoid the merits of the case. At all times, the Attorney General and the court are entirely silent on the merits of the action. It cannot be properly inferred that the USAO speaks for both the Attorney General and the court, nor that the court consents to be spoken for by the USAO.

## III. A RIGHT TO PURSUE JUSTICE

The USAO cites *Jean-Baptiste v. United States Dep't of Justice*, 1:23-cv-02669 (TNM) (D.D.C. Feb. 9, 2024) and *Qihui Huang v. Wheeler*, 215 F. Supp. 3d 100 (D.D.C. 2016) as the basis for which counts four and five of the action should be denied. In the two cases, the court asserted that a private party plaintiff lacked the standing to pursue criminal charges against defendants. However, neither of the referenced cases involve the false claims act or allegations made by a relator on behalf of the government and for the public. In this action against defendants Ardoin and Dominion, the advocate is not merely private party, but instead is a private attorney general or a public interest lawyer, who happens to have a personal interest. The action is brought by one of the people and a free citizen, as such justice should not be denied because the government **chooses** not to act.

In the Department of Justice's own Criminal Resource Manual, Section 932 states that "[o]ne of Congress's objectives in modifying the Act was to encourage the use of qui tam actions in which citizens are authorized to bring, as "private

Attorneys General," lawsuits on behalf of the United States alleging frauds upon the government."[4] The modern statutory text of the false claims act is based upon the original Informer's Act, also known as Lincoln's law, and passed on March 2, 1863 as 12 Statute 696. Section 3 of the Act details that "every such person shall… on conviction in any court of competent jurisdiction, be punished by imprisonment not less than one, nor more than five years, or by fine of not less than one thousand dollars." Section 4 of the Informer's Act states "[s]uch suit may be brought and carried on by any person, as well for himself as for the United States". It is clear that criminal charges were explicitly allowed by the original Informer's Act.

Furthermore, the role of a private attorney general was considered by the Supreme Court of the United States in *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1968). "When the Civil Rights Act of 1964 was passed, it was evident that enforcement would prove difficult, and that ***the Nation would have to rely in part upon private litigation as a means of securing broad compliance with the law***. A Title II suit is thus private in form only." (Emphasis added)

The purpose of the action is to address the damages inflicted upon the people of Louisiana by the failure of the Louisiana Secretary of State to keep a permanent paper record of each ballot cast in accordance with 52 U.S.C. § 20701. 52 U.S.C. §

---

[4] Department of Justice, "932. Provisions for the Handling of Qui Tam Suits Filed Under the False Claims Act", https://www.justice.gov/archives/jm/criminal-resource-manual-932-provisions-handling-qui-tam-suits-filed-under-false-claims-act, (1 November 2024)

20701 states "[e]very officer of election shall retain and preserve, for a period of twenty-two months" every permanent paper record of a ballot cast. Dominion Voting Systems had a duty to create a permanent paper record and defendant Ardoin had a duty to preserve that *chose in action*. They knowingly and willingly failed and continue to fail.

Count five of the action, a violation of 18 U.S.C. § 1001, is neither denied nor addressed by the USAO. The election systems of Louisiana are not in accordance with the law and defendant Ardoin sought payments through the Help America Vote Act. The Department of Justice **knows** this. With the decision to not join in the action, the Government fails to hold the defendants responsible for presenting false claims to the United States Government for payment and **fails to protect our election infrastructure**. In the abdication of their duty, the Department of Justice places the responsibility upon the advocate, who must now pursue justice for the public interest.

## CONCLUSION

Wherefore, for the foregoing reasons, the Plaintiff-Appellant respectfully requests that the court reverse the district court's 29 July 2024 and grant him leave to pursue the action and what other relief the court may find appropriate.

Dated: 4 November 2024

Respectfully submitted,

Dañilo Augusto Feliciano
1313 New York Avenue NW
Basement
Washington, DC 20005
202-505-1841
daniloafeliciano@gmail.com
*in propria persona*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(A)(7)(B) because it contains 2,632 words excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(A)(5) and the type requirements of Fed. R. App. P. 32(A)(6) because: this brief has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

## DISCLOSURE STATEMENT

No Disclosure Statement is required according to the provisions in Fed. R. App. P. Rule 26.1 as the Plaintiff-Appellant is not a corporation but a free, living man, a veteran, and one of the people.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November 2024, the foregoing *Plaintiff-Appellant's Brief* was served by hand to:

Clerk of the Court
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Ave, NW, Room 5205
Washington, DC 20001

And by electronic mail to:

Jonathan H. Gold
United States Department of Justice
Civil Division, Fraud Section
Jonathan.Gold@usdoj.gov

Darrell Valdez
Assistant United States Attorney
United States Attorney's Office
Darrell.Valdez@usdoj.gov

Graham White
graham.white@usdoj.gov

Charles W. Scarborough
charles.scarborough@usdoj.gov

Respectfully submitted,

Danilo Augusto Feliciano
1313 New York Avenue NW
Basement
Washington, DC 20005
202-505-1841
daniloafeliciano@gmail.com
*in propria persona*

UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel* **Dañilo Augusto Feliciano Plaintiff-Appellant** | ) | **Civil Case No. 1:23-cv-03467 Appeal Case No. 24-7134** |
| v | ) | |
| **ROBERT KYLE ARDOIN, Louisiana Secretary of State** | ) | |
| and | ) | |
| **DOMINION VOTING SYSTEMS CORPORATION, DOMINION VOTING SYSTEMS INC., and DOMINION VOTING SYSTEMS INTERNATIONAL CORPORATION Appellee-Defendants** | ) | **CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES** |

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rule 27(a)(4), the Plaintiff-Appellant submits this certificate as to parties, rulings, and related cases:

**I. Parties Below**

Plaintiff-Appellant is Danilo Augusto Feliciano.

Defendants-Appellees are Robert Kyle Ardoin, Dominion Voting Systems, Inc., Dominion Voting Systems Corporation, and Dominion Voting Systems International Corporation.

United States of America is intervenor for appellee.

No amici curiae participated in the district court.

**II. Rulings Under Review**

Plaintiff-Appellant seeks review of the Order entered on July 29, 2024, by the United States District Court for the District of Columbia (Nichols, J.).

**III. Related Cases**

This case has not previously been before this Court. There are related cases within the meaning of the Circuit Rule 28(a)(1)(c). These are:

*Feliciano v. Garland* (D.D.C. 1:23-cv-02522-UNA) (Court of Appeals #: 23-5245) (SCOTUS #: 23-7118)

*Faust v. State of Louisiana and Ardoin, Robert* (D.D.C. 23-10010-ELG).

Dated: 4 November 2024

Respectfully submitted,

Danilo Augusto Feliciano
1313 New York Avenue NW
Basement
Washington, DC 20005
202-505-1841
daniloafeliciano@gmail.com
*in propria persona*