**[NOT YET SCHEDULED FOR ORAL ARGUMENT]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DANILO AUGUSTO FELICIANO,<br><br>AND<br><br>DANILO AUGUSTO FELICIANO,<br><br>Appellant<br><br>v.<br><br>ROBERT KYLE ARDOIN, LOUISIANA SECRETARY OF STATE, et al.,<br><br>Appellees. | No. 24-7134 |

**UNITED STATES' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY AFFIRMANCE**

The United States respectfully submits this reply brief in support of its motion for summary affirmance of the district court's order dismissing plaintiff's *qui tam* complaint under the False Claims Act (FCA).

## ARGUMENT

**I.** We explained in our motion for summary affirmance (at 5-6) that this Court and its sister circuits have uniformly held that *pro se* relators cannot bring FCA claims on behalf of the United States. That is because a relator represents the government's interests, not just his own, in a *qui tam* suit. *See Lovern v. Deutsche Bank Trust Co. Americas*, No. 14-7186, 2015 WL 2226230 (D.C. Cir. May 6, 2015) (citing *Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 769 (2000)).

Relator offers no response to this argument. He instead insists (at 2) that the district court "lacked the jurisdiction to dismiss the complaint" because 31 U.S.C. § 3730(b)(1) provides that a *qui tam* suit may not dismissed without the Attorney General's consent. But § 3730(b)(1) applies "only in cases where a plaintiff seeks voluntary dismissal of a claim or action brought under the False Claims Act, and not where the court orders dismissal." *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 91 (2d Cir. 2008) (quoting *Minotti v. Lensik*, 895 F.2d 100, 103 (2d Cir. 1990)). In

any event, the Attorney General has not only "consented" to dismissal here, but urged it, on the ground that relator is *pro se*. *See* Mot. 5-8.

Relator further contends (at 2-3) that 31 U.S.C. § 3730(c)(2)(A) required the district court to provide a hearing before ordering dismissal. Not so. Subparagraph (c)(2) authorizes the government to dismiss a *qui tam* suit over the relator's objection after it intervenes. *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 426 (2023). It further requires the district court to provide relator "with an opportunity for a hearing on the motion," 31 U.S.C. § 3730(c)(2)(A), the purpose of which "is simply to give the relator a formal opportunity to convince the government not to end the case." *Swift v. United States*, 318 F.3d 250, 253 (D.C. Cir. 2003). This provision is inapplicable because the government declined to intervene in the district court and did not file a motion to dismiss under subparagraph (2)(A). The government instead filed a notice with the district court that it was declining to intervene in the action, which suggested that dismissal was appropriate. *See* United States' Notice of Declination and Suggestion of Dismissal at 1, ECF No. 12.

**II.** We explained in our motion for summary affirmance (at 8-9) that the district court correctly dismissed relator's purported claims under 52 U.S.C. § 20701 and 18 U.S.C. § 1001(a)(2) on the ground that private plaintiffs cannot enforce federal criminal statutes. *See Volovets v. Clinton*, No. 22-5207, 2022 WL 5239553, at *1 (D.C. Cir. Oct. 6, 2022). Relator correctly does not dispute that principle. He instead insists (at 4) that he "is not acting as a mere private party but instead in the role of a private attorney general" and cities to "the use of qui tam actions" under the FCA. Unlike the FCA, however, the criminal statutes relator seeks to enforce do not authorize *qui tam* actions. This Court should therefore summarily affirm the district court's dismissal of plaintiff's claims under 52 U.S.C. § 20701 and 18 U.S.C. § 1001(a)(2).

## CONCLUSION

For the foregoing reasons, this Court should summarily affirm the district court's order dismissing this case.

Respectfully submitted,

CHARLES W. SCARBOROUGH
(202) 514-1927

/s/ Graham White
GRAHAM WHITE
(202) 514-4052
Attorneys, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7230
Washington, D.C. 20530

NOVEMBER 2024

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Palatino Linotype 14-point, a proportionally spaced font with serifs, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 580 words, according to the word count of Microsoft Word.

/s/ Graham White
Graham White

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system, and served a true and correct copy of the foregoing on appellant via e-mail and first-class mail at the below address.

Danilo Feliciano
1313 New York Avenue, NW
Basement
Washington, DC  20005
daniloafeliciano@gmail.com

/s/ Graham White
Graham White